ANUSHIK KHACHATRYAN, PLAINTIFF IN PRO SE
326 EAST FAIRVIEW AVE APT 6
GLENDALE, CA 91207
EMAIL: KHACHATRYANANUSHIK@GMAIL.COM

FILED
2011 OCT 26 PM 2:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANUSHIK KHACHATRYAN an individual,

Plaintiff,

vs.

CMRE FINANCIAL SERVICES INC, A California corporation

GRANT & WEBER, A California corporation

DEFENDANTS

Case No.: CV11 08759 JFW (MANx)

COMPLAINT FOR:

1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;
2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;
3) VIOLATIONS OF THE FAIR CREDIT REPORTING ACT;
4) VIOLATIONS OF THE CONSUMER CREDIT REPORTING AGENCIES ACT;
   AND
5) DECLARATORY RELIEF.

DEMAND FOR JURY TRIAL

LODGED
2011 OCT 21 PM 3:22
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## I. JURISDICTION AND VENUE.

Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 15 U.S.C. §1681p, California Civil Code Section 1785.33, 28 U.S.C. § I337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

2. Venue in this District is proper in that Plaintiff's claim arose in this District

## II. THE PARTIES.

3. The Plaintiff ANOUSHIK KHACHATRYAN ('Plaintiff'), is a natural person who, at all times relevant herein, resided in the

COMPLAINT FOR DAMAGES- 1

City of Glendale, which is located in Los Angeles County, California.

4. Plaintiff is a consumer as that term is defined in 15 U.S.C. §1692a (3), 15 U.S.C. §1681a (c) and California Civil Code Section 1785.3(b).

5. Defendant CMRE FINANCIAL SERVICE, INC ("CFSI") is and at all times relevant herein was a California corporation with its principal place of business at 3075 E. Imperial Highway Ste 200, Brea, California 92821.

6. Defendant GRANT & WEBER, INC ("G&W") is and at all times relevant herein was a California corporation with its principal place of business at 26575 W Augoura Rd, Calabasas, California 91302.

7. Defendants, each one of them is a debt collector as that term is defined in 15 U.S.C. §1692a (6) and California Civil Code Section 1788.2(c).

8. Plaintiff and each of the Defendants is a person as that term is defined in 15 U.S.C. §1681a (b), California Civil Code Section 1785.3(j) and California Civil Code Section 1788.2(g)

9. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff informed and believes that each of the defendants designated herein as a DOE were in some manner responsible for the occurrences and injuries alleged herein.

### III. FACTUAL ALLEGATIONS.

10. Plaintiff, who is not a minor, checked her credit report from all three national credit reporting agencies, Experian, Equifax and Transunion. During these credit check, Plaintiff discovered Medical Collection accounts reporting on her credit report by CFSI, with account number T710EGO7060016324765, and G&W, with account numbers 007480997 and 007792222. Because Plaintiff did not recognize these collections, she disputed them with credit reporting agencies directly on August 11, 2011 as required by Fair Credit Reporting Act 15 U.S.C. §1681s-2(b). However, soon the credit reporting agencies responded back stating that the CFSI and G&W have

COMPLAINT FOR DAMAGES- 2

verified the accounts to be accurate and thereby must remain on Plaintiff's credit reports.

11. On or around August 26, 2011 following her dispute with the credit bureaus and the credit bureaus' verification claim, Plaintiff sent written requests for validation/verification of the debts to CFSI and G&W for their respective accounts.

12. During what was supposed to be investigation/verification period, CFSI and G&W made more collection attempts on the debts prior to providing validation to Plaintiff. Further, CFSI and G&W never adequately responded or verified the debts as required under the FDCPA.

13. Additionally, in attempting to collect the alleged debts, CFSI and G&W have constantly added to the amounts they attempted to collect from Plaintiff, including fees and/or penalties not expressly authorized by law or by any agreement with Plaintiff. Such fees amounted to unlawful interest under applicable Federal and state law.

## FIRST CLAIM FOR RELIEF

### (For Violation of the FDCPA [15 U.S.C. §§ 1692-1692p] Against CFSI and G&W)

14. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 13 above.

15. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a) Communicating over the telephone with Plaintiff without self-identifying and providing the notice required under 15 U.S.C. Section 1692e(11);

   b) Failing to provide written notices of Plaintiff's right to verification of the debt as well as information about the debt and the and original creditor/creditor to whom the debt is owed, within five days after their first communication with Plaintiff, as required under 15 U.S.C. Section 1692g(a);

   c) Making additional attempts to collect the alleged debts prior to responding to Plaintiff's request for verifications, in violations of 15 U.S.C. Section 1692g(b);

    d) Failing to properly verify the debt as required under 15 U.S.C. Section 1692g(b);

    e) Using false representations and deceptive means to collect or attempt to collect the debts, in violations of 15 U.S.C. Section 1692f; and

    f) Attempting to collect amounts (including any interests, fees, charges, or expenses incidental to the principal obligations) not expressly authorized by the agreements creating the purported debts or permitted by law, in violations of 15 U.S.C. Section 1992f(1).

16. As a result of the above violations of the FDCPA, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, cost and attorney's fees.

### SECOND CLAIM FOR RELIEF

### (For Violations of the Rosenthal Act Against CFSI and G&W)

17. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 16 above.

18. Defendants, and each of them, knowingly and willfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debts:

    a) Using false representations and deceptive means to collect or attempt to collect debts, in violation of 15 U.S.C. Section 1692e(10) and California Civil Code Section 1788.17;

    b) Using unfair and/or unconscionable means to collect an alleged debts, in violation of 15 U.S.C Section 1692f and California Civil Code Section 1788.17;

    c) Placing telephone calls without disclosure of the callers' identities, in violation of California Civil Code Section 1788.11(b); and

    d) Attempting to collect amounts (including any interests, fees, charges, or expenses incidental to the principal obligations) not expressly authorized by the agreements

creating the purported debts or permitted by law, in violations of 15 U.S.C Section 1992f(1) and California Civil Code Section 1788.17.

19.    As results of defendants' violations of the Rosenthal Act, pursuant to Civil Code Section 1788.30, Plaintiff entitled to actual damages, statutory damages, attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

### (For Violations of the FCRA [15 U.S.C. §1681 et seq.] Against CFSI and G&W)

20.    Plaintiff repeats and reincorporates by reference the paragraphs 1 through 19 above.

21.    Defendants, and each of them, violated the FCRA. Defendants' violations include, but are not limited to, the following:

   a) Reporting collection accounts to Plaintiff's credit report without prior notice of negative credit reporting, as required under 15 U.S.C. § 1681s-2 (a)(7)(A).

   b) Verifying disputed information with the credit bureaus without having substantiating support for the verification.

   c) Reporting disputed information to the credit bureaus, without notice of dispute, during the investigation/verification period and prior to/without providing validation to the Plaintiff, as required under 15 U.S.C. §1681s-2 (a)(3).

   d) Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute, as required under §1681s-2 (a)(8)(E).

   e) Continuing to report unverified information to the credit bureaus after lack of response/verification following the 30-day investigation.

22.    As a result of the above violations of the FCRA, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FCRA, and Plaintiff's actual damages, statutory damages, cost and attorney's fees.

## FOURTH CLAIM FOR RELIEF

### (For Violations of the Consumer Credit Reporting Agencies Act Against CFSI and G&W)

23. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 22 above.

24. Defendants, and each of them, knowingly and willfully violated California's Consumer Credit Reporting Agencies Act (hereinafter the "CCRAA"). Defendants' violations include, but are not limited to, the following acts:

> a) Submitting negative credit information concerning the Plaintiff to the credit reporting agencies, without notifying the Plaintiff, as required under California Civil Code Section 1785.26(b).
>
> b) Failing to acknowledge Plaintiff's demand for investigation and correction of information furnished to the credit bureaus following Plaintiff's receipt of the credit bureaus' reinvestigation results, as required under California Civil Code Section 1785.30.

## FIFTH CLAIM FOR RELIEF

### (For Declaratory Relief Against CFSI and G&W)

25. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 24 above.

26. An actual and existing controversy now exists between the parties hereto, in that Plaintiff contends that the actions of CFSI and G&W, constituted willful violations of the Fair Debt Collection Practices Act and/or the Rosenthal Fair Debt Collection Practices Act and the Fair Credit Reporting Act and/or Consumer Credit Reporting Agencies Act, while conversely, those defendants contend that their actions are consistent with all applicable laws governing collection and credit furnisher acts.

27. A judicial declaration that the conduct of defendants CFSI and G&W violated applicable statutes is not just and appropriate.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendants CFSI and G&W as follows:

1. Statutory damages, pursuant to 15 U.S.C. Section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. Section 1692k(a)(1) and/or Civil Code 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. Section 1692k(a)(3), and/or Civil Code Section 1788.30(c) and/or Code of Civil Procedure section 490.020.

4. General damages, in an amount subject to proof at trial;

5. Declaratory relief; and

6. Such other and further relief as the Court deems just and proper, PLEASE TAKE NOTICE that Plaintiff Anoushik Khachatryan request a trial by jury.

DATED: October 18, 2011

Respectfully submitted,

By: _____

Anoushik Khachatryan, Plaintiff

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
ANUSHIK KHACHATRYAN

**DEFENDANTS**
CMRE FINANCIAL SERVICES
GRANT & WEBER

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

ANUSHIK KHACHATRYAN
326 EAST FAIRVIEW AVE APT 6
GLENDLAE, CA 91207

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ 75,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Section 1681 and 15 U.S.C Section 1692

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV11 08759**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 10/18/2011

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV11- 8759 JFW (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
ANUSHIK KHACHATRYAN
326 EAST FAIRVIEW AVE APT 6
GLENDLAE, CA 91207

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANUSHIK KHACHTRYAN an Individual<br>PLAINTIFF(S)<br>v.<br><br>CMRE FINANCIAL SERVICES<br>GRANT & WEBER<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 08759 JFW (MANx)**<br><br>SUMMONS |

TO: DEFENDANT(S): CMRE FINANCIAL SERVICES, GRANT & WEBER

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __326 EAST FAIRVEW AVE APT 6__, whose address is __GLENDALE, CA 91207__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 26 2011

By: CHRISTOPHER P_____
Deputy Clerk

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*